IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY PRATER, on Behalf of Himself and All Others Similarly Situated, | Class & Collective Action |
| vs. | CAUSE NO. 1:19-cv-769 |
| WEBER TRUCKING COMPANY, INC. and JEFF WEBER, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current truck drivers of Defendants ("the Collective Class") against Defendants, Weber Trucking Company, Inc. ("WTC") and Jeff Weber.

### I. Parties

1. Each member of the Collective Class is or was a truck driver of WTC at all times relevant to this action.

2. Plaintiff is a resident of Cicero, Indiana.

3. Defendant, WTC, is an incorporated business that operates a facility in Zionsville, Indiana.

4. Mr. Weber is one of the officer of WTC.

5. Mr. Weber is one of the owner of WTC.

6. Mr. Weber is at least partially responsible for determining how the employees of WTC are paid.

## II. Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

8. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III. Class Action Allegations

9. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of WTC ("the Collective Class").

10. The members of the Collective Class were paid by the load.

11. The members of the Collective Class were paid on a weekly basis.

12. Defendant failed to pay the members of the Collective Class all of the overtime hours that they worked.

13. While the members of the Collective Class were paid overtime hours for work beyond 40 hours in a workweek, the members of the Collective Class were not paid overtime wages for all hours that they worked each workweek. Rather, Defendants would deduct time from the hours that the Collective Class members worked each week.

14. Defendants willfully failed to pay members of the Collective Class for all overtime hours worked.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action. The names, contact information, and relevant documentation of members of the classes should be in the business records of WTC. Notice may be provided to members of the classes or their personal representatives via first class mail and e-mail addresses using techniques and a form of notice similar to those customarily used in class actions.

### IV. Factual Allegations

16. Plaintiff began employment with WTC in July 2013.

17. Plaintiff was a truck driver for WTC.

18. Plaintiff was paid by the load.

19. Plaintiff was paid weekly.

20. Plaintiff was paid overtime hours.

21. Plaintiff was/ not paid overtime wages for all hours worked over 40 hours in a workweek.

22. Defendants deducted time from Plaintiff's hours worked.

23. Defendants willfully failed to pay Plaintiff certain overtime wages.

### Count I - Collective Action
### Failure to Properly Pay Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

24. Plaintiff incorporates paragraphs 1 through 23 by reference herein.

25. Plaintiff and the members of the Collective Class are or were employees of WTC pursuant to the FLSA.

26. WTC is an employer pursuant to the FLSA.

27. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

28. WTC had gross revenues of at least $500,000.00 for the 2015 calendar year.

29. WTC had gross revenues of at least $500,000.00 for the 2016 calendar year.

30. WTC had gross revenues of at least $500,000.00 for the 2017 calendar year.

31. WTC had gross revenues of at least $500,000.00 for the 2018 calendar year.

32. Mr. Weber is an employer pursuant to the FLSA.

33. Plaintiff and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiffs and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs and the members of the Collective Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

      D.      Enter an award for such other relief as may be just and appropriate.

                              Respectfully submitted,

                              WELDY LAW

                              /s/Ronald E. Weldy
                              Ronald E. Weldy, #22571-49
                      Proposed Classes & Collective Action Counsel

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: weldy@weldylegal.com