UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY PRATER, on Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:19-cv-00769-JRS-DLP ) |
| WEBER TRUCKING COMPANY, INC., JEFF WEBER, | ) ) ) ) |
| Defendants. | ) |

### **ORDER ON MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on the Parties' Joint Motion for Entry of Protective Order (Dkt. 21). The Motion has been referred to the Undersigned for ruling.

### I. Applicable Standard

Under Federal Rule of Civil Procedure 26(c), litigants are permitted to seek protective orders to guard against public disclosure of relevant and discoverable material. Courts have a duty, however, to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)[1]. Here, the Parties maintain that this procedural device is necessary to protect the confidentiality of particularly sensitive information. Before

---

[1] Although pretrial discovery is usually conducted in private, the Seventh Circuit has endorsed a presumption of public access to discovery materials. See, *Felling v. Knight*, IP 01–0571–C–T/K, 2001 WL 1782360, *2 (S.D. Ind. Dec. 21, 2001) (citing *Citizens*, 178 F.3d 945).

issuing the requested protective order, the Court must independently determine whether "good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *see also*, *Citizens*, 178 F.3d at 944-45; *see also*, Fed. R. Civ. P. 26(c)(1)(G). A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements. 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483-86 (2d ed. 1994). Without this independent determination of good cause, the Court essentially gives the Parties *carte blanche* to seal or protect whatever information they desire. See *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (citing *Citizens,* 178 F.3d at 945). When reviewing a proposed protective order this Court must ensure that

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Pierson*, 205 F.R.D. at 647 (citing *Citizens*, 178 F.3d at 946); see also *Brown v. Auto. Components Holdings, LLC*, No. 1:06–cv–1802–RLY–TAB, 2008 WL 2477588 (S.D. Ind. June 17, 2008). The Court's evaluation of a proposed protective order need not be made on a document-by-document basis, if the Court is able to determine from the language of the proposed order that the parties know which category of information is legitimately confidential and that the parties are acting in good faith in deciding which documents

should be protected. *Citizens*, 178 F.3d at 946. Using qualifiers such as "private," "confidential," or "proprietary" to describe the protected information, without more description, fails to assure the Court that the parties will be making good faith and accurate designations of information." *Pierson*, 205 F.R.D. at 647.

## II. Analysis

The Parties seek to protect four categories of information:

A. Non-public business records the disclosure of which could result in competitive or economic harm to Defendants (and/or any entities related to a party), non-parties, or invade the privacy of individuals;
B. Business or individual financial records, tax records, or personal non-public information, the disclosure of which could result in competitive or economic harm to Plaintiff or Defendants or invade the privacy of individuals;
C. Information related to Defendants' vendors, customers, members, service providers, research, sales, marketing, finances, management, employees, business operations, costs, prices, trade secrets, and other sensitive or proprietary information; and
D. Personnel and employee files which may include payroll, compensation, benefit information, performance evaluations, and/or medical information.

[Dkt. 21-1 at 2-3.] The Court finds that there is good cause to **GRANT IN PART** the Parties' proposed protective order. The proposed protective order fails, in part, to satisfy the second prong of the above standard.

First, the Parties properly define each category as confidential information. The public has no interest in this type of information. Second, the Parties have adequately described the scope of some of the documents they seek to protect. Business, financial, or economic records; personnel and employee files; and information related to the Defendants' business are adequately demarcated. The Court does, however, find that the request to protect "other sensitive or proprietary information" is too vague, and "fails to

instill confidence in the Court that the parties will know how to properly designate protected information.

Discrete closed categories of information must be explicitly delineated to satisfy the Seventh Circuit's requirements for protective orders." *Brown v. Swagway*, No. 3:15–cv–588–JD–MGG, 2017 WL 6816493 at \*2 (N.D. Ind. Aug. 17, 2017) (citing *Pierson*, 205 F.R.D. at 647); see also *Simms v. New Penn Fin. LLC*, No. 3:15–cv–263–MGG, 2017 WL 3297779 at \*4 (N.D. Ind. Aug. 2, 2017) ("proposed protective orders defining categories of confidential information only with qualifiers such as . . . 'proprietary' fail to assure the court that the parties know what constitutes confidential information."). The Court struggles to comprehend a document that wouldn't fall under "other sensitive or proprietary information."

Third, the Court believes that parties fully understand the defining elements of "confidential" and "attorney's eyes only" in this matter and will act in good faith when determining whether a document should be marked as such.

Fourth, if a party disagrees with the other party's designation of documents, the proposed protective order allows the receiving party to challenge Defendants' designations. (Dkt. 21–1 at 4). Additionally, the proposed protective order does not allow either party to seal documents. Instead, the parties must comply with S.D. Ind. L.R. 5–11. (Dkt. 21–1 at 8). Thus, the public's interest in the judicial process is properly protected by parties' proposed protective order.

Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' protective order (Dkt. 21). Because "other sensitive or proprietary information" is too

vague, it must be stricken from the proposed protective order. The Court will enter an approved protective order, with this language stricken, through a separate order.

    So ORDERED.

Date: 5/14/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email